IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| FIRMUS PHARMACY, LLC, and TIFFANY SATTIN, | : | |
| Plaintiffs, | : | Civil No. 17–7138 (RBK) |
| v. | : | **OPINION** |
| ADAM ANSCHEL, ROBERT PADUANO, ZUZANA PADUANO, and WILLIAM FAYANT | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court upon plaintiff Tiffany Sattin's ("Ms. Sattin") motion for reconsideration and for alternative service (Doc. No. 30). For the reasons discussed below, Ms. Sattin's motion is **DENIED**.

**I.    BACKGROUND**

On September 15, 2017, plaintiffs Tiffany Sattin and Firmus Pharmacy, LLC filed suit against defendants Adam Anschel, Robert Paduano, Zuzana Paduano, and William Fayant, alleging a multitude of incoherent claims.[1] *See* Compl. (Doc. No. 1). These claims included

---

[1] All of Plaintiffs' briefing has been equally disjointed, and the Court refers counsel to both William Strunk, Jr., *The Elements of Style* (1918), and *The Bluebook: A Uniform System of Citation* (Columbia Law Review Ass'n et al. eds., 20th ed. 2015).

"tortious interference with existing and prospective contractual relation, defamation and slander, civil conspiracy, and civil conversion." *See id.*

On September 26, 2017, Tiffany Sattin and Firmus Pharmacy, LLC filed a motion for injunctive relief, alleging "terroristic threats, making false reports to governmental agencies, using alias contact names, making threats against Shulick Law, and Plaintiffs." *See* Pl. Mot. for I.R. (Doc. No. 3).[2] These allegations constituted the extent of this motion. This Court denied the motion. (Doc. No. 4). In the denial order, this Court noted that the plaintiffs failed to provide proof of service of either the initial complaint or notice of the motion for preliminary injunction pursuant to Fed. R. Civ. P. 65(a)(1). *Id.* This Court further noted that the plaintiffs failed to provide a verified complaint or an affidavit that clearly showed immediate and irreparable injury, loss, or damage would result to the movant before the adverse party could be heard in opposition pursuant to Fed. R. Civ. P. 65(b)(1)(A). *Id.* This Court further noted that the plaintiffs made no offer to post security pursuant to Fed. R. Civ. P. 65(c). *Id.* Additionally, this Court ordered that Firmus LLC, as a limited liability company, file an amended complaint which included the citizenship of all of its members, and serve that amended complaint on the defendants on or before October 13, 2017 (Doc. No. 5).

On October 2, 2017, Ms. Sattin, Larry Sattin, Dolores Sattin, and Chip Vagnoni filed an amended complaint. (Doc. No. 6). The plaintiffs never provided proof of service. The amended complaint did not plead the citizenship of Firmus Pharmacy, LLC's members, but instead removed it as a party. The same day, the plaintiffs filed a "Rule 65 Emergent Injunction Motion," "respectfully request[ing] that this Honorable Court enter a *Rule 68* Injunction Order

---

[2] The plaintiffs' motion for injunctive relief contained no page or paragraph numbers. Consequently, the Court assigned page numbers to the motion, counting the first page of the submission as page number 1 and continuing consecutively thereafter.

Immediately." Pl. 2d Mot. for I.R. at 4 (emphasis added) (Doc. No. 7). On October 5, 2017, this Court held a hearing and subsequently denied the plaintiffs' second motion for injunctive relief. (Doc. No. 12).

On October 11, 2017, the plaintiffs filed a second amended complaint and a motion for a permanent injunction. (Doc. No. 13; Doc. No. 14). The plaintiffs never provided proof of service for either. But due to the severity of the plaintiffs' allegations, on October 20, 2017, this Court entered an order that defendant Robert Paduano show cause as to why an order enjoining and restraining him from communicating with the plaintiffs should not be entered. (Doc. No. 16). The Court required that the plaintiffs personally serve the order to show cause on defendant Robert Paduano. *Id.* at 2.

On October 23, 2017, defendant William Fayant filed a motion to dismiss and a motion to impose sanctions on plaintiffs' counsel, Mr. David Shulick. (Doc. No. 18; Doc. No. 19). The plaintiffs subsequently moved to withdraw William Fayant. (Doc. No. 20). William Fayant filed an amended motion for sanctions and defendant Zuzana Paduano joined in both his motion to dismiss and his amended motion for sanctions. (Doc. No. 24; Doc. No. 25).

On November 13, 2017, this Court held proceedings on the motion for a permanent injunction, the motion to dismiss, the amended motion for sanctions, and the motion to withdraw. (Doc. No. 27). Defendants William Fayant and Zuzana Paduano were dismissed and motions 18, 19, and 22 were dismissed as moot. (Doc. No. 28). During this hearing, plaintiffs' counsel, Mr. Shulick, represented in open court that personal service of the order to show cause had been made on defendant Robert Paduano and that proof of service would be filed imminently. (Doc. No. 29). On November 16, 2017, this Court dismissed the order to show cause issued on October 20, 2017, noting that Plaintiffs failed to file proof of personal service as to Defendant Robert

Paduano, a condition of the order, despite Mr. Shulick's representations to the Court (Doc. No. 16).

Ms. Sattin now moves for reconsideration of the Court's November 16, 2017 order. (Doc. No. 30). Ms. Sattin additionally maintains that defendant Robert Paduano has intentionally dodged service, and consequently requests alternative service. *Id.*

## II. ANALYSIS

### A. Service Did Not Occur And Thus There Is Nothing For This Court To Reconsider.

On October 20, 2017, this Court entered an order that defendant Robert Paduano show cause as to why this Court should not enter an order enjoining and restraining him from communicating with the plaintiffs. (Doc. No. 16). This order included a necessary condition—plaintiffs were to personally serve defendant Robert Paduano with the Court's order. *Id.* at 2. On November 13, 2017, plaintiffs' counsel represented in open court that defendant Robert Paduano had been served and that proof of service would be delivered later that day. But proof of service was never delivered. Because the plaintiffs failed to satisfy the necessary condition of the October 20, 2017 order, there is nothing to reconsider—the order to show cause was dependent upon personal service and personal service did not occur. As such, the motion for reconsideration must be denied.

### B. Plaintiffs' Motion For Alternative Service Is Denied Pursuant To The Heightened Standard Afforded To Prior Restraints On Speech.

Ms. Sattin requests an injunction restraining defendant Robert Paduano's communications with all of the plaintiffs and numerous other parties. This is, by definition, a

prior restraint on speech or expression.³ But "[a]ny prior restraint on expression comes to this Court with a 'heavy presumption' against its constitutional validity." *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971) (citing *Carroll v. President and Commissioners of Princess Anne*, 393 U.S. 175, 181 (1968); *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70, 83 (1963)). "Respondent thus carries a heavy burden of showing justification for the imposition of such a restraint." *Better Austin*, 402 U.S. 419. Furthermore, "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974) (citing *Princess Anne*, 393 U.S. 180, 189).

This Court was—and is—sympathetic to Ms. Sattin's injunction request. The plaintiffs' various allegations, if true, present a pattern of shocking behavior. But in order to restrain defendant Robert Paduano's speech or expression ex-ante, the Court must nevertheless diligently afford him the opportunity to be heard. Under these circumstances, the Court determined in its October 20, 2017 order that "reasonable notice" means personal service. *Granny Goose Foods*, 415 U.S. 439. The Court will not upend that decision today. As such, Plaintiffs' request for alternative service is denied.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs motion for reconsideration and for alternative service is **DENIED**.

---

³ The Court notes that Ms. Sattin's New Jersey R. Civ. P. 4:4-5 citation and argument is inapplicable here, as her injunction request does not concern "specific property, or any interest therein, or any res within the jurisdiction of the court."

Dated: 12/04/2017                                     s/Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge